# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

## MIAMI DIVISION

### CASE NUMBER:

GLADYS C. TAMAYO,
JULIO J. GIL,
JOHAN ZAZO SILVA,
IRINA DIAZ RODRIGUEZ,
KODALY PADRON FONSECA
JOSUE R. GUTIERREZ,
NOSBEL HERNANDEZ,
ANA ISA CUELLO DIAZ,
GUILLERMO COLUMBIE,
GUSTAVO ROCHA,
ROLANDO ARENCIBIA,
YULAYKIS MEDINA,
SANTIAGO MONTEAGUDO,
HEATHER HALDI,
ISMARI RUIZ,
CARLOS DE LA ARENA,
REINA PILOTO,
MARK CURTIS,
DIANA MARTINEZ,
PATRICIA VASQUEZ,
GUILLERMO A. SILVA,
MARK TATIS,
ANGEL ESPADA,
JORGE R. LOZANO,
OSCAR PILOTO,
REGGIE HALL,

MARIA RODRIGUEZ,
LUIS CARLOS PEREZ RAMIREZ,
NEREIDA GOMEZ,
NARCISO J. HIDALGO,
ALBERTO Y. ARANDA,
RAQUEL DIAZ,
YOSMANY RODRIGUEZ,
REINOL ANTONIO GONZALEZ
ENRIQUE PATTERSON,
MANUEL A. DIAZ.

      Plaintiffs,

vs.

EVOLUTION MARKET GROUP, INC. d/b/a
FINANZAS FOREX, a foreign offshore corporation, dissolved under the laws
of Panama,
DWB HOLDING COMPANY, d/b/a, FINANZAS FOREX,
a Florida corporation,
SUPERIOR INTERNATIONAL INVESTMENT
CORPORATION, d/b/a FINANZAS FOREX,
a disolved Florida corporation,
GERMAN CARDONA SOLER, an individual,
DANIEL FERNANDEZ ROJO FILHO, an individual,
PEDRO BENEVIDES, an individual,
HEATHER PERKINS, an individual,
BRITTANY BENAVIDES, an individual,
MICHAEL S. CLARK, an individual,
OBBALUBE INVESTMENT CORPORATION,
d/b/a, FINANZAS FOREX, a dissolved Florida corporation,
HERIBERTO C. PEREZ VALDES, an individual and
LUIS HERNANDES, an individual.

      Defendants

                                                        /
_____

# COMPLAINT

**PLAINTIFFS** sue the Defendants and allege:

## JURISDICTION AND VENUE

1. This is an Action brought pursuant to 18 U. S. C. Sec. 1961 (2) (The Racketeer Influenced and Corrupt Organizations Act, known as the Rico Act.) and Florida Statute 772.103 (2007).

2. This Court has subject matter jurisdiction over the claims for relief arising under "The Rico Act" pursuant to 18 U. S. C. 1964 ( c ) and 28 U. S. C. 1332 and over the state law claim under 28 U. S. C. Sec. 1387 ( b ).

3. Venue is proper in this District under 28 U. S. C. Sec. 1391 ( b ) and 18 U. S. C. Sec. 1965 in that all Plaintiffs reside within the Southern District of Florida.

## PARTIES

4. All Plaintiffs are citizens and residents of Miami-Dade County or Broward Counties, Florida, counties located within the Southern District of Florida.

5. Defendant, Evolution Market Group INC., d/b/a Finanzas Forex, was an

offshore corporation formed under the laws of the country of Panama in Central America. The OFFSHORE corporation is now dissolved.

6. Defendant, DWB Holding Company, is a corporation formed under the laws of the State of Florida with offices in Orlando, Florida.

7. Superior International Investment Corporation, was a corporation formed under the laws of the State of Florida, which is now dissolved, it had offices in Orlando, Florida

8. Defendant, German Cardona Soler, is a subject of Spain, who resides in the city of Valencia in Spain., but who has been arrested for these crimes and is being held in Madrid.

9. Defendant, Daniel Fernandez Rojo Filho, is a citizen and resident of the State of Florida who now resides in the Orlando area.

10. Defendant, Pedro Benevides, is a citizen and resident of the State of Florida. who now resides in the Orlando, Florida area. His wife Brittany Benevides acted as an officer of some of the corporations involved in the scheme. She is believed to reside with her husband.

11. Defendant Obbalube Investment Corporation is a dissolved Florida Corporation which had offices in Miami-Dade County, Florida.

12. Defendants, Michael S. Clark, Heriberto Perez Valdes and Luis Hernandes, acted as officers and directors of the Florida corporations involved in this scheme, they reside in the Orlando Florida area and in Miami-Dade County. All three are citizens and residents of Florida.

13. Defendant, Heather Perkins, is a citizen and resident of Florida, she resides in the Orlando area.

## FACTS COMMON TO ALL COUNTS

14. Between December 2007 and March 2009 the defendants conspired with many others to defraud investors by setting up what is commonly referred to a **Ponzy Scheme.** In furtherance of their conspiracy they established and operated several websites in the internet, including www.finanzasforex.com, www.finance4x.com and www.ffx4u.com. These were run through Evolution Market Group, d/b/a Finanzas Forex, a Panamanian corporation. They solicited individuals to invest in short-term investments yielding rates of return of over 20 % percent.

15. They falsely represented on the websites that the investors funds would be invested in European brokerage firms which specialized in investing the buying

and selling foreign currency, the forex market.

16. In fact instead of investing the plaintiffs funds as represented, in order to promote their fraudulent scheme, defendants paid back some of the funds to the plaintiffs and others as "profits", diverting most of the funds invested by the plaintiff's for their own personal use.

17. During the relevant times defendants held several rallies in the Orlando area and in Miami-Dade in order to solicit more funds and investments from plaintiffs and others.

18. Defendant, German Cardona, at the rallies and in the websites, specially FFX4, represented falsely, that Finanzas Forex was an honest and transparent investment opportunity created by him and the returns and other confidential project would allow, Finanzas Forex to operate indefinitely. Defendant Cardona, who had no experience in finances, was the master-mind behind these unlawful schemes, he directed and assisted all the other co-defendants in their unlawful, criminal, corrupt racketeering activities to the detriment of plaintiffs' financial interest. All defendants committed at least two racketeering acts as defined in the U. S. Code in furtherance of their conspiracy to defraud.

19. Defendants, Daniel Fernandez Rojo Filho and Pedro Benevides, opened accounts in various financial institutions and elsewhere, they took plaintiffs' funds, received by wire transfer, credit card charge or through the U. S. Postal Service, deposited said funds in said accounts, then, used said funds for their own or their co-conspirators personal use instead of investing the plaintiffs' funds in the European "Forex Market" as misrepresented by Cardona in the websites, at the rallies or in telephone conversations with the individual plaintiffs. In classical Ponzy Scheme fashion, some of the funds were distributed to the new "investors" as " profits"in order to encourage them to invest more money.

20. Defendants, Heather Perkins, Michael S. Clark, Heriberto Perez Valdes and Luis Hernandez, served as officers and directors of the Florida Corporations and committed many unlawful acts in furtherance of the conspiracy, they also received some of the plaintiffs' funds for their own personal use. Defendant, Brittany Benevides, also received some of plaintiffs' funds, deposited said funds in various bank accounts and aided her co-conspirators in the scheme by performing several unlawful acts.

21. Defendants corporations are included in the definition of "enterprise"

used in the pattern of racketeering activity as defined in 18 U. S. C. 1961 (4) and were in fact used as instruments in the furtherance of said racketeering activity by the individual defendants and are thus also liable to the plaintiffs for their damages.

22. In furtherance of their conspiracy the individual defendants committed many acts proscribed by the U. S. Code, including, but not limited to: wire fraud in violation of 18 U S C sec. 1343, mail fraud in violation of 18 U S C 1341, racketeering in violation of 18 U S C sec. 1952 and committed many violations of laundering money derived from unlawful activities, to wit, profits from grand theft by deceit in violation of F. S. 812 and 18 U S C 1954. The specific unlawful acts committed by each defendant are set-forth in an affidavit executed by IRS-USS Task Forge Agent, Noel F. Martinez, Jr., (Case 6:09-cv-01852-JA-GJK - DE 56-4), which is incorporated herein by reference.

23. During 2010, the government acting under the authority granted it by the U. S. Code filed an In Rem Forfeiture Action under case number 6:09-cv-01852-JA-GJK in the Middle District of Florida and seized some of the Defendants' ill gotten assets, which has curtailed the defendants' unlawful activities.

24. As the result of the unlawful activities, plaintiffs, most of them acting as

representatives of a group of investors, who lost the following sums:

Gladys C. Tamayo, CITO ID # 324679, who lost the sum of $375.000.00;

Julio J. Gil, CITO I D #328346, who lost the sum of $375,000.00;

Johan Zazo Silva, CITO ID #336852, who lost the sum of $125,000.00;

Irina Diaz Rodriguez CITO ID # 336858, who lost the sum of $79,000.00;

Kodaly Padron Fonseca CITO I D # 330690, who lost the sum of $107,000.00;

Josue R. Gutierrez CITO I D # 342782, who lost the sum of $145,000.00;

Nosbel Hernandez CITO I D # 330308, who lost the sum of $159,000.00;

Ana Isa Cuello Diaz CITO I D # 349667, who lost the sum of $47,000.00;

Guillermo Columbie CITO I D # 350608, who lost the sum of $105,000.00;

Gustavo Rocha CITO I D # 149564, who lost the sum of $175,000.00;

Rolando Arencibia CIO ID # 125894, who lost the sum of $50,000.00;

Yulaykis Medina CITO I D # 146437, who lost the sum of $65,000.00;

Santiago Moteagudo CITO I D # 307422, who lost the sum of $200,913.00;

Heather Haldi CITO I D # 142798, who lost the sum of $80,000.00;

Ismari Ruiz CITO I D # 100133, who lost the sum of $75,000.00;

Carlos de la Arena CITO I D # 353267, who lost the sum of $201,000.00;

Reina Piloto CITO ID # 146231, who lost the sum of $115,000.00;

Mark Curtis CITO I D # 223543, who lost the sum of $25,000.00;

Diana Martinez CITO I D # 56090, who lost the sum of $105,000.00;

Patricia Vasquez CITO I D # 216382, who lost the sum of $104,000.00;

Gullermo A. Silva CITO I D # 65768, who lost the sum of $53,000.00;

Mark Tatis CITO I D. # 226283, who lost the sum of $207,000.00;

Angel Espada CITO I D # 334825, who lost the sum of $185,000.00;

Jorge R. Lozano CITO I D # 63036, who lost the sum of $200,950.00;

Oscar PilotoCITO I D # 353280, who lost the sum of $205,009.00;

Reggie Hall CITO I D # 38953, who lost the sum of $205,000.00;

Maria Rodriguez CITO ID #56098, who lost the sum of $479,000.00;

Luis Carlos Perez Ramirez CITO I D # 101826, who lost the sum of $140,160.00;

Nereida Gomez, CITI ID # 330314, who lost the sum of $280,000.00;

Narciso Hidalgo, CITO ID # 337536, who lost the sum of $85,000.00 ;

Alberto Aranda, CITO ID# 142798, who lost the sum of $175,000.00 ;

Raquel Diaz, CITO ID# 339723, who lost the sum of $87,000.00;

Yosmany Rodriguez, CITO ID#353600, who lost the sum of $50,000.00;

Reinol Antonio Gonzalez, CITO ID. # 79710, who lost the sum of $209,000.00;

Enrigue Patterson, CITO ID #318892, who lost the sum of $97,500.00;

and Manuel A. Diaz, CITO ID # 315566, who lost the sum of $179,700.00, ***as the result of Defendants racketeering and corrupt acts.***

25. The **CITO ID** numbers mentioned above, refer to the account 'passwords' given each "investors" by the defendants in furtherance of their conspiracy. Said password gave each plaintiff access to his/her account in the particular website and reflected the false profits obtained in order to encourage the investors to part with more of their moneys. In classic Ponzy Scheme fashion the investor was send some of the profit at times, which were in actuality part of the funds invested by the newer investors.

**WHEREFORE,** Plaintiffs demand a Judgement for Damages and Costs, treble damages and attorneys' fees, per 18 U. S. C. Sec. 1964 ( c), against all the named defendants.

## COUNT II

26. *PLAINTIFFS* are persons who were injured by reason of defendants violations of the provisions of Florida Statute Sec. 772. 103 ( 3 ) in that for the reasons and acts outline in paragraphs 14 thru 22 above; all defendants named herein were employed by, or associated with, any enterprise to conduct or

participate, directly or indirectly, in such enterprise through a pattern of criminal activity.

27. All plaintiffs herein are thus entitled to bring this action for the damages suffered by them as the result of defendants unlawful actions as outlined above, per Florida Statute Sec. 772.104.

**WHEREFORE, PLAINTIFFS**:

Gladys C. Tamayo, CITO ID # 324679, who lost the sum of $375.000.00;

Julio J. Gil, CITO I D #328346, who lost the sum of $375,000.00;

Johan Zazo Silva, CITO ID #336852, who lost the sum of $125,000.00;

Irina Diaz Rodriguez CITO ID # 336858, who lost the sum of $79,000.00;

Kodaly Padron Fonseca CITO I D # 330690, who lost the sum of $107,000.00;

Josue R. Gutierrez CITO I D # 342782, who lost the sum of $145,000.00;

Nosbel Hernandez CITO I D # 330308, who lost the sum of $159,000.00;

Ana Isa Cuello Diaz CITO I D # 349667, who lost the sum of $47,000.00;

Guillermo Columbie CITO I D # 350608, who lost the sum of $105,000.00;

Gustavo Rocha CITO I D # 149564, who lost the sum of $175,000.00;

Rolando Arencibia CITO ID # 125894, who lost the sum of $50,000.00;

Yulaykis Medina CITO ID # 146437, who lost the sum of $65,000.00;

Santiago Moteagudo CITO I D # 307422, who lost the sum of $200,913.00;

Heather Haldi CITO ID # 142798, who lost the sum of $80,000.00;

Ismari Ruiz CITO I D # 100133, who lost the sum of $75,000.00;

Carlos de la Arena CITO I D # 353267, who lost the sum of $201,000.00;

Reina Piloto CITO ID # 146231, who lost the sum of $115,000.00;

Mark Curtis CITO ID # 223543, who lost the sum of $25,000.00;

Diana Martinez CITO I D # 56090, who lost the sum of $105,000.00;

Patricia Vasquez CITO I D # 216382 , who lost the sum of $104,000.00;

Gullermo A. Silva CITO I D # 65768, who lost the sum of $53,000.00;

Mark Tatis CITO I.D. # 226283, who lost the sum of $207,000.00;

Angel Espada CITO I D # 334825, who lost the sum of $185,000.00;

Jorge R. Lozano CITO I D # 63036, who lost the sum of $200,950.00;

Oscar PilotoCITO I D # 353280, who lost the sum of $205,009.00;

Reggie Hall CITO I D # 38953, who lost the sum of $205,000.00;

Maria Rodriguez CITO ID #56098, who lost the sum of $479,000.00;

Luis Carlos Perez Ramirez CITO I D # 101826, who lost the sum of $140,160.00;

Nereida Gomez, CITO ID # 330314, who lost the sum of $280,000.00;

Narciso Hidalgo, CITO ID# 337536, who lost the sum of $85,000.00 ;

Alberto Aranda, CITO ID# 142798, who lost the sum of $175,000.00 ;

Raquel Diaz, CITO ID# 339723, who lost the sum of $87,000.00;

Yosmany Rodriguez, CITO ID#353600, who lost the sum of $50,000.00;

Reinol Antonio Gonzalez, CITO ID. # 79710, who lost the sum of $209,000.00;

Enrigue Patterson, CITO ID #318892, who lost the sum of $97,500.00;

and Manuel A. Diaz, CITO ID # 315566, who lost the sum of $179,700.00, **demand a Judgement for Damages and Costs, Treble damages and attorney's fees,** per F. S. 772.104 and 18 U.S.C. Sec 1964 ( c ) against all the defendants named herein. **EVOLUTION MARKET GROUP, INC. d/b/a FINANZAS FOREX, a foreign offshore corporation, dissolved under the laws of Panama, DWB HOLDING COMPANY,d/b/a, FINANZAS FOREX, a Florida corporation, SUPERIOR INTERNATIONAL INVESTMENT CORPORATION, d/b/a FINANZAS FOREX , a disolved Florida corporation, GERMAN CARDONA SOLER, an individual, DANIEL FERNANDEZ ROJO FILHO, an individual, PEDRO BENEVIDES, an individual, HEATHER**

PERKINS, an individual, BRITTANY BENAVIDES, an individual, MICHAEL S. CLARK, an individual, OBBALUBE INVESTMENT CORPORATION, d/b/a, FINANZAS FOREX, a dissolved Florida corporation, HERIBERTO C. PEREZ VALDES, an individual and LUIS HERNANDES, an individual.

**Dated:** at Miami-Dade County, Florida, on this 29th day of August, 2011.

LEONARDO ARISTIDES CANTON,
LEONARDO A. CANTON, ESQ.
ATTORNEY AT LAW, P.A.
ATTORNEY FOR PLAINTIFFS
201 SEVILLA AVENUE, #203
CORAL GABLES, FL. 33134
TEL. (305) 446-8646
FAX (305) 446-0320
EMAIL: lacanton@bellsouth.net


By: Leonardo A. Canton
   Leonardo A. Canton, Esq.
   F.B.N.: 198064